Bernard F. McCaffrey, J.
This motion involves a matter of first impression in this State where, for purposes of joining the United States Army, a petitioner, mother of six children, seeks to have custody granted not in her, but in her husband. *1060 It is also unusual in that the respondent, father of the six children, opposes his wife’s application to have custody placed in him.
The record discloses that the children’s mother has not resided in the marital premises since April 3, 1975; that the six children of the marriage, as well as the mother’s infant sister, are presently cared for by the father with the assistance of two housekeepers. While the mother was present in the home she would supervise the housekeepers, and she was the only one able to converse fluently with them in their language, as they had a very limited command of the English language. At the time of trial, one housekeeper was about to leave and has in fact left as of August 31, 1975.
Thus, the father has had physical custody of the children since April 3, 1975. He has not sought an adjudication of custody and he opposes the granting of this application to place custody in him in order to permit the mother to enlist in the United States Army.
Authority to grant the custody to a parent therefor, on due consideration, is found in section 70 of the Domestic Relations Law. It is the husband’s contention that this section refers to an application by the parent desiring such custody and does not encompass an application such as brought here by the mother to in effect have herself divested of custody.
Thus, at the outset, the court finds that there is no statutory requirement that a parent initiating a custody proceeding seek custody in herself, nor is there any prohibition against seeking to have custody determined in her spouse. This is so because the court notes that the Supreme Court, as a court of equity, has broad inherent powers concerning the custody of children, and functions as parens patriae to do what is best for the children.
The respondent husband further contends that this court is without jurisdiction to determine this matter because, the day prior to pétitioner procuring this order to show cause, he caused his attorney to file a discontinuance of the divorce action and, thus, there being no divorce action pending at the time of the show cause, the court lacks jurisdiction.
It is noted that the Practice Commentary by Siegel to section 240 of the Domestic Relations Law (McKinney’s Cons Laws of NY, Book 14, pp 361, 365) sets forth the Legislature’s intention to permit adjudication to be made concerning the child’s requirements, independently if necessary. Even if the *1061 issue of custody started as a mere incident of an action or motion that had some other aspect of the litigation in mind, the failure of that other aspect does not diminish the court’s power to make directions concerning the child.
Thus, the court finds that the discontinuance of the divorce action by the respondent husband does not divest the court of its jurisdiction to hear and determine this custody application.
The testimony establishes that the marital premises is located in an affluent community and there is no dispute as to the material needs of the children being amply provided for.
The court notes that in her moving papers the mother states: "My children are, and have been well supervised and given every care and attention. I personally supervised their care and gave the attention and affection which any concerned mother would give.” Thus, the dispute between the parties arises out of their marital relationship rather than their role as parents, for there is no credible evidence that either party is an unfit parent.
The petitioner mother testified that it was her desire to develop her own talents and abilities as a person; that she has applied for enlistment in the United States Army in a program which will offer her opportunities and education which were previously denied her. It is her testimony that prior to approving her enlistment, the United States Army requires her to submit a court order that her children are not in her custody.
Though this matter was brought as a custody application, it in reality resolved itself into a dispute between the parties concerning their own individual aspirations and plans, rather than a real issue as to child custody. The petitioner mother admittedly seeks to have custody placed in her husband for such time as would be required for her to enlist in the United States Army. The petitioner failed to establish that the best interests of the children would be served by the court approving her application. The respondent husband has testified that the petitioner mother properly attended to the material and maternal needs of the children. However, he, in effect, opposes her application not out of a lack of love or desire to be with his children, but because he does not want her to join the Army and leave him and also the children.
It is the prerogative of a husband and wife to agree or disagree on matters that affect them, either as a couple or individually, with or without using common sense or express *1062 ing a concern for the feelings of one another. However, no such right exists in their parental status as mother and father to these six children. The children have the right and the parents have the obligation not to treat them as pawns in their matrimonial game. Though the children are not parties to this proceeding, they are necessarily most affected by its determination, for no child is immune to the scars of a custody proceeding.
Also, it is of significance that in this one and a half day hearing neither party offered any testimony as to the wishes or desires of the six children of the marriage.
The court intercedes in this matter not to resolve the marital disputes between the petitioner and respondent parents, or even for purposes of determining their rights as parents as against one another; rather, the court’s concern is for the protection of the children. Thus, in this instance the court denies the application of the petitioner mother to have custody determined in the respondent father.
Further, the petitioner wife’s application for counsel fees is denied in that the court finds that her application is not predicated on the well-being of the children, or for her necessaries, but in furtherance of her own personal desire to join the United States Army.